IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOSVANY BARRERO LICEA,

       Petitioner,

v.                                      No. 2:26-cv-01074-DHU-SCY

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; TODD
BLANCHE, Acting U.S. Attorney General; TODD
LYONS, Acting Director of U.S. Immigration
and Customs Enforcement; MARISA
FLORES, El Paso Field Office Director, Enforcement
and Removal Operations, Immigration and Customs
Enforcement; and DORA CASTRO, Warden of Otero
County Detention Facility,

       Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Yosvany Barrero Licea's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a citizen of Cuba who entered the United States without inspection on August 4, 2021, and was subsequently detained by immigration authorities. *Id.* ¶¶ 46-47. Shortly thereafter, Petitioner was released on his own recognizance. *Id.* ¶ 46. While released, Petitioner filed an Application for Asylum and Withholding of Removal. *Id.* ¶ 48. On or around March 24, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner while he was working at a data center in Pyote, Texas. *Id.* ¶ 50. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.* ¶ 1.

On April 8, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention without a pre-deprivation hearing as violating the Due Process Clause

1

of the Fifth Amendment. *Id.* ¶ 57-59. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody or, alternatively, provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) days. *Id.* at 15.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release.

Petitioner, who entered without inspection in August 2021, was detained within the United States, and was subsequently released on his own recognizance for over four years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation

hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, June 22, 2026, confirming Petitioner's timely release.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3